IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jeremy Paul Batts and Susan Beth Batts as Co-Personal Representatives of the Estate of Kaiea Spring Batts, Deceased,<br><br>Plaintiff,<br><br>vs<br><br>SNAP INC. d/b/a SNAPCHAT, INC., Evan Spiegel and Emily White,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER: 2:23-cv-03565-DCN<br><br><br><br><br>COMPLAINT<br>(Jury – Negligence) |

The Plaintiff above named, complaining of the Defendants, alleges:

1.  That the Plaintiff, a resident and citizen of the County of Charleston, State of South Carolina, was duly appointed Personal Representative of the estate of Kaiea Spring Batts, deceased, by order of the Probate Court for Charleston County, and is bringing this action for conscious pain and suffering for the benefit of the Estate of Kaiea Spring Batts and is bringing this action for wrongful death for the benefit of Jeremy Paul Batts, the surviving father of deceased, and Susan Beth Batts, the surviving mother of deceased, in accordance with the statutes in such cases made and provided.

2.  That the Defendant, Snap Inc. d/b/a Snapchat, Inc. (hereinafter Snapchat), is a corporation organized under the laws of California with its headquarters located at 2772 Donald Douglas Loop North, Santa Monica, California 90405 and at all times hereinafter mentioned was engaged in the business of creating, distributing, and maintaining mobile technology products and services for use in South Carolina where they were so used.

1

3. That Defendants Evan Spiegel and Emily White are residents of states other than South Carolina and were at all times mentioned herein acting as agents, servants or employees of Defendant Snapchat who determined, directed, controlled, and participated in the conduct and activity of Defendant Snapchat complained of herein and are thereby liable to Plaintiff herein.

4. That one of Defendants' purposes of distributing and maintaining its technology applications (hereinafter "apps" for as many users as possible was to gain and increase revenue for Defendants from entities wishing to advertise to Defendants' users, which has resulted in Defendant Snapchat's increase in value from $800 Million in 2013 to $38.3 Billion presently, an increase of over 47 times its 2013 value.

5. That the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper in this court because the events giving rise to this claim – i.e., the accident resulting in Kaiea Batts' death – occurred in this district.

7. That prior to June 17, 2021, Defendants designed, created, manufactured, advertised, installed, modified and/or distributed technology apps supplied to consumers with apps on mobile devices, which encouraged users to create, edit, upload, post, send, receive, share, and store digital content which had numerous features contained within it.

8. That one of the apps Defendant Snapchat created and distributed is a feature which is known as "Speed Filter", which overlays automobile speed onto a mobile photo or video which could be and was shared on social media.

9. In connection with the foregoing paragraph, Defendants owed a duty to use ordinary care in designing, creating, manufacturing, advertising, installing and/or modifying and

distributing Speed Filter and to use reasonable care to reduce reasonably foreseeable risk of harm, as hereinafter set forth, posed by its technology apps.

10. One of the only practical and intended uses of Speed Filter was for users to record themselves traveling at high speeds, rendering it foreseeable that minors and young adults, the primary and intended consumers of Defendant Snapchat, would use the Speed Filter to record themselves driving at extreme speeds and even more so for potential rewards as set forth herein.

11. That Defendant Snapchat incentivized and rewarded users by, among other ways, awarding trophies and/or other awards, to those who used Speed Filter in excessive and dangerous ways and Defendants knew or should have known that Speed Filter created an incentive system to extreme and dangerous driving by its largely teenage and young adult users with Speed Filter designed to encourage users to drive at excessive and dangerous speeds.

12. That prior to and on or about June 17, 2021, Defendants knew or should have known that they were motivating, incentivizing, or otherwise encouraging Snapchat users to drive at excessive, dangerous and unsafe speeds by providing Speed Filter for Snapchat users and encouraging users to drive as fast as possible until they were driving at speeds that were excessive and dangerous so that they could record and share their speed for potential rewards using Speed Filter.

13. That on or about June 17, 2021, Plaintiff's decedent was a passenger in an automobile whose driver was a Snapchat user, who previously used Snapchat Speed Filter and was using Speed Filter before the occurrence herein, and by and through the negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, the driver's

vehicle was traveling at an extremely high and dangerous rate of speed causing the automobile to be involved in an automobile crash as a result of which Plaintiff's decedent suffered severe bodily injury, which also resulted in Plaintiff's decedent premature death.

14. That the negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, caused the aforementioned occurrence and consisted, among other things, of the following:

   a. In creating, providing, designing, manufacturing, installing, modifying, and distributing Speed Filter to the driver of the automobile in which Plaintiff's decedent was a passenger when the Defendants knew or should have known that the creation, design, manufacture, modification, installation, and provision of such was defective and unreasonably dangerous and unsafe and encouraged the driver to travel at a highly dangerous speed likely to cause harm.

   b. In encouraging and influencing its users, particularly minors, to drive at highly dangerous and reckless speeds when Defendant knew or should have known that Speed Filter would be so used.

   c. In failing to protect others against the risk of harm from Defendants' actions when Defendants were aware of dangers apparent prior to injury herein.

   d. In failing to recognize that incentives inherent in the Speed Filter use encouraged reckless driving and that realistically no purpose of the Speed Filter existed other than to encourage users to travel at high speeds and record themselves doing so for the purpose of uploading such recordings on Snapchat.

e.  In failing to properly and adequately take into account safety considerations in design, installation and distribution of "Speed Filter" in accordance with dangers involved.

f.  In failing to take proper precautions to warn and/or prevent persons, particularly the person driving the vehicle in which Plaintiff's decedent was a passenger of the dangers of and from traveling at high and excessive rates of unsafe speed, but rather, encouraging such behavior when Defendants knew of prior catastrophic occurrences resulting from the use of Speed Filter and/or should have known of such occurrences and that Speed Filter encouraged such behavior and dangerous and excessive speeding.

g.  In failing to properly test, remove, restrict access to, or otherwise use reasonable care to address the danger of speeding created by the Snapchat Speed Filter design.

h.  In allowing a design, modification and installation and provision for use in a dangerous manner when Defendants knew or should have known of the dangerous condition of Speed Filter as set forth above and that it created a condition unsafe for the Plaintiff's decedent.

i.  In failing to exercise that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances.

15. That by reason of and in consequence of the aforesaid negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, and as a direct and proximate result thereof, with the driver of Plaintiff's automobile encouraged and influenced by and using Speed Filter for the exact purpose for which it was designed,

to record the user traveling at a highly excessive and dangerous speed, the crash referred to above occurred, and Kaiea Batts suffered severe disabling injuries, externally and internally, and as a result thereof suffered severe and excruciating physical pain and mental anguish and the prospect of her untimely death and she was deprived of enjoyments of life and as a result of her injuries the crash  resulted in plaintiff's daughter's premature death at age fourteen, leaving surviving her mother, Susan Beth Batts, and father Jeremey Paul Batts, who have suffered extreme and severe mental shock and suffering, extreme mental anguish, grief and sorrow, and have lost the companionship of their daughter and have been deprived of the use and comfort of her society, and has suffered the loss of her future experience, knowledge, and judgment in managing family affairs, and have lost future services and monies she otherwise would have provided and they  have been pecuniarily damaged including the funeral costs expended for the burial of plaintiff's daughter and have been other has been otherwise damaged, all to plaintiff's damage as personal representative of the estate of Kaiea Spring Batts.

WHEREFORE, Plaintiff as personal representative of the estate of Kaiea Spring Batts, deceased, for the benefit of the Estate and the surviving mother and father of the deceased, prays for judgment against the Defendants, for damages in such sums as will fully, fairly, and justly compensate Plaintiff for actual damages, and for such punitive damages that may be just and proper under the circumstances.

By: s/Gedney M. Howe, IV
Gedney M. How, III (Federal Bar No. 1971)
Gedney M. Howe, IV (Federal Bar No.13339)
LAW OFFICES OF GEDNEY M. HOWE, III, P.A.
Post Office Box 1034
Charleston, SC 29402
Telephone 843.722.8048
Facsimile 843.722.2140
Email: ghowe@gedneyhowe.com
Email: gedney4@gedneyhowe.com

     -and-

Carl E. Pierce, II (Federal Bar No. 3062)
William P. Early (Federal Bar No. 7326)
R. Richard Gergel (Federal Bar No. 104136)
321 East Bay Street
Charleston, SC 29491
Telephone:  843-722-7720
Facsimile: 843-722-7732
Email: carlpierce@piercesloan.com
Email: willearly@piercesloan.com
Email: richardgergel@piercesloan.com

Attorneys for Plaintiff

July 24, 2023